HEANEY, Senior Circuit Judge,
dissenting:
I respectfully dissent. In my view, the bankruptcy court correctly decided that under the facts in this case the confirmation of the Hansons’ Chapter 13 plan vested the residence in the Hansons free and clear of encumbrances.
The debtor believed that Cen-Pen was an unsecured creditor; Cen-Pen believed to the contrary. In their Chapter 13 plan, the Han-sons listed Cen-Pen as an unsecured creditor and stated that all unsecured creditors would receive twenty-six percent of their claim. They also listed all of the secured creditors and the amounts of their claims. Cen-Pen was not on this list. The plan they submitted stated in plain, simple language that “[a]ll claims to be allowed must be filed; to the extent that the holder of a secured claim does not file a proof of claim, the lien of such creditor shall be voided upon the entry of the Order of Discharge.” Chapter 13 Plan, paragraph B-10(A) (emphasis added). This language placed the validity of Cen-Pen’s lien in question. Cen-Pen received a copy of the plan. For whatever reason, probably simple negligence, Cen-Pen neither filed a proof of claim as a secured creditor nor filed an objection to being considered as an unsecured creditor. If it had done either, the bankruptcy court would have determined whether or not the claim was a secured one, and its decision would have been determinative of the issue. At oral argument, Cen-Pen’s attorney conceded that her predecessor had been remiss in failing to come forward at the time the plan was circulated.
The bankruptcy statute is clear. It reads as follows:
(a)The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.
11 U.S.C. § 1327. Cen-Pen had its chance to object to the plan and failed to do so. It must now live with the consequences of that failure. The debtors did all they were required to do in this case, and no debtor in similar circumstances should be expected to do more to comply with the straightforward requirements of section 1327.
If this were a case where a secured creditor had neglected to file a proof of claim and there was no language in the plan that clearly set forth the consequences of such a failure, we would have a different case. The Hansons’ plan made clear, however, that the consequences to Cen-Pen of failing to file a claim as a secured creditor would result in it being treated as an unsecured creditor. Cen-Pen should live with its decision to ignore the unmistakable consequences of inaction.
In my view neither In re Simmons, 765 F.2d 547 (5th Cir.1985), nor In re Tarnow, 749 F.2d 464 (7th Cir.1984), dictate the result reached here. In Simmons, the creditor filed a claim as a secured creditor. Thus it was the duty of the bankruptcy court to determine whether the creditor had a lien on Simmons’ homestead. Here Cen-Pen neither filed a claim as a secured creditor nor filed an exception to the plan that designated it as an unsecured creditor and specifically provided that it would be considered as an unsecured creditor absent an objection. In Tamow a commodity corporation filed a late claim against the bankrupt estate claiming that it was a secured creditor. In Tamow there was no Chapter 13 plan putting the corporation on notice that its lien would be extinguished unless it filed a claim or a challenge. The question in Tamow was whether a lien is lost if there is a late filing, and the court said no. Here there was no filing, and *96 the plan made it clear that the debtors did not consider Cen-Pen to be a secured creditor.
The essence of my disagreement with the majority opinion is whether the language in the Hansons’ Chapter 13 plan was adequately specific to “provide for,” and therefore void at confirmation, Cen-Pen’s lien. I cannot agree that the unambiguous recitations in the plan did not constitute the affirmative step needed to void the lien. Cen-Pen was placed on notice of the consequences of confirmation, and the Hansons acted in good faith in listing Cen-Pen as an unsecured creditor. Nevertheless, the majority appears to hold that the Hansons should have initiated an adversary proceeding to adjudicate a matter that they, in good faith, believed to be uncontested. I agree with the reasoning in In re Wolf, 162 B.R. 98 (Bkrtcy.D.N.J.1993), which holds that “[a]n adversary proceeding is not required to modify a secured creditor’s rights in Chapter 13.” Id. at 106.
I recognize that the Hansons still have an opportunity to contest the validity of Cen-Pen’s lien in state court and that the Han-sons may be able to establish in state court that Cen-Pen does not have a security interest in their home, but I believe that requiring them to now litigate the lien’s validity in state court after complying in good faith with the express provisions of the Bankruptcy Code undercuts Congress’s determinations, first, that a bankruptcy proceeding should be the forum for the comprehensive disposition of claims against the bankrupt estate and, second, that parties opting to sit on their rights will lose their ability to later enforce such claims.
The majority opinion lays down a bright-line rule. If it were within our province to lay down the rule the majority espouses for future cases, I would certainly join in the opinion because I believe that the rule is one that both debtors and creditors can live with; but it is for Congress, not us, to adopt the position the majority embraces. Thus, I respectfully dissent.